June 23, 2022

**Supreme Court**

No. 2020-64-Appeal.
(KC 16-1023)

Town of Coventry        :

v.        :

Forsons Realty LLC et al.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Town of Coventry             :

v.                           :

Forsons Realty LLC et al.    :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The plaintiff, the Town of Coventry (the Town), appeals from the Kent County Superior Court's November 4, 2019 entry of final judgment in favor of the defendants, Forsons Realty LLC (Forsons), Ferrara Mechanical Services Inc., and Daniel Ferrara (collectively defendants).  On appeal, the Town contends that the trial justice erred: (1) in her conclusions which led her to allow the defendants to conduct heavy-duty vehicle inspections on their property located at 225 Hopkins Hill Road in Coventry, Rhode Island (the Property) that was the site of a pre-existing legal nonconforming use; and (2) in holding that there had not been an impermissible expansion of that legal nonconforming use.  Focusing on these contentions, the Town asks this Court to reverse the trial justice's entry of final judgment in favor of the defendants.

For the reasons set forth in this opinion, we affirm the final judgment of the Superior Court.

**I**

**Facts and Travel**

In view of the nature of the issues raised on appeal and our ultimate resolution of those issues, we need set forth only the most basic facts that form the background of this case and only the barest essentials of the litigation that ensued.

This case arises from a dispute regarding the activities of an industrial enterprise which conducts its business on the Property. The Property is located in an R-20 zone, which zone is described in the Town's Zoning Ordinance as consisting of "quiet, higher density residential areas of the Town, plus certain undeveloped areas where similar residential development will likely occur in the future."

On May 4, 1981, the Town's Zoning Ordinance was adopted. The record reflects that prior to 1981 "the Property was being used for an industrial use;" thus, the use of the Property after the adoption of the Zoning Ordinance in May 1981 was considered to be a legal nonconforming use. Decades later, on July 3, 2008, Forsons purchased the Property by warranty deed from its predecessor-in-title, one Robert E. Sandberg. A letter that was issued by the Town's Zoning Enforcement Officer in response to a request by Forsons for a zoning certificate prior to the purchase stated in relevant part:

- 2 -

> "This is a commercial business in a residential zone. The use of this property for commercial welding, machine shop, heavy duty truck repair & heavy-duty equipment repair is allowed because this property pre-existing non-conforming rights to do so. These rights run with the property not the owner; if the property is sold the new owner could continue to use the property for the same activities."

In September of 2016, some eight years after the purchase of the Property by Forsons, the Town corresponded with defendants expressing concerns about the zoning law implications of various activities taking place on the Property. On October 12, 2016, the Town issued a Notice of Violation. Then, on October 14, 2016, the Town filed a complaint in the Superior Court pursuant to G.L. 1956 §§ 45-24-60 and 45-24-62, alleging that defendants were in violation of certain specified provisions of the Coventry Zoning Ordinance.

A bench trial of three days duration was held in November and December of 2017, eventuating in a written decision by the trial justice.[1] Several witnesses testified with respect to the use of the Property and the volume of business conducted thereon. On September 21, 2018, the trial justice issued a well-reasoned written decision, in which she ruled in defendants' favor and allowed, *inter alia*, heavy-duty

---

[1] The issuance of the trial justice's decision was delayed because of earnest, although ultimately unsuccessful, efforts by the parties to arrive at a global settlement.

vehicle inspections to be performed, albeit subject to certain specific conditions. Final judgment in defendants' favor entered on November 4, 2019.[2]

There remain only two issues of genuine significance for us to address on appeal—*viz.*, (1) the trial justice's decision to allow heavy-duty vehicle inspections to be performed on the Property provided that certain explicit conditions were adhered to; and (2) the Town's claim that there had been an impermissible expansion of the pre-existing legal nonconforming use.[3] We shall proceed to address those two issues *seriatim*.

## II

### Standard of Review

It is a basic principle that "[f]actual findings of a trial justice in a nonjury case are entitled to great weight and will not be disturbed on appeal unless found to be clearly wrong or unless the trial justice has overlooked or misconceived material evidence." *Town of West Greenwich v. A. Cardi Realty Associates*, 786 A.2d 354, 360 (R.I. 2001). Moreover, "[i]f, as we review the record, it becomes clear to us that the record indicates that competent evidence supports the trial justice's findings, we

---

[2]    We commend the trial justice for her patience and for her pragmatism in presiding over the ultimate resolution of the issues that this case involved. (The trial justice's rescript decision is available at *Town of Coventry v. Forsons Realty LLC*, No. KC 16-1023, 2018 WL 4681463 (R.I. Super. Ct. Sept. 21, 2018)).

[3]    We also note that, in view of our eventual resolution of this appeal, it is not necessary for us to address the issue of equitable estoppel.

shall not substitute our view of the evidence for [that of the trial justice] even though a contrary conclusion could have been reached." *Grady v. Narragansett Electric Co.*, 962 A.2d 34, 41 (R.I. 2009) (internal quotation marks omitted).

## III

## Analysis

### A

### Heavy-Duty Vehicle Inspections

On appeal, the Town contends that the trial justice erred in allowing heavy-duty vehicle inspections to be performed on the Property, even with the proviso that certain specific restrictive conditions be adhered to.

We begin by noting the explicit language in the parties' "Joint Statement of Undisputed Facts," which unequivocally states that the Town had issued a letter to defendants classifying the use of the Property as "a pre-existing, non-conforming use * * * of a machine shop, welding, heavy duty truck repair, and heavy-duty equipment repair." (Internal quotation marks omitted.)

Significantly, the trial justice expressly alluded to that undisputed fact when she stated in her decision: "[T]he Town does not address at all in [its] post-trial memorandum whether the Property's use as a machine shop is anything but a legal nonconforming use. Therefore, whether or not Defendants are permitted to operate an industrial business on the Property is not in dispute."

Accordingly, we are specifically concerned with whether the conducting of heavy-duty vehicle inspections (the extent of those inspections being explicitly and significantly limited by the trial justice) constitutes an illegal expansion of that pre-existing nonconforming use. With respect to the heavy-duty vehicle inspection issue, the trial justice expressly limited the extent of such inspections as follows:

> "As to the inspection issue, inspections will be permitted on vehicles that come onto the Property for regular service only. Inspections will also be limited by the condition that no more than three heavy duty trucks or trailers—*i.e.*, vehicles with three or more axles—may be on the Property at any one time for the purposes of an inspection."

It is our opinion that, such heavy-duty vehicle inspections are an inherent part of the business of "heavy duty truck repair"—which repair activity, as noted *supra*, the Town has recognized as being a part of the pre-existing nonconforming use at issue in this case. *See Jones v. Rommell*, 521 A.2d 543, 545 (R.I. 1987) ("A change of use results when the proposed use is substantially different from the nonconforming use to which the premises were previously put * * *.") (internal quotation marks omitted). In our judgment, the trial justice did not err in her ruling concerning heavy-duty vehicle inspections.

Although it is our opinion that the trial justice did not err in allowing heavy-duty vehicle inspections to be conducted to a carefully limited extent, we are unable to agree with the portion of her decision which states that the right to conduct such inspections "will not run with the land." Rather, it is our opinion that, as an inherent

- 6 -

aspect of the legal nonconforming use of heavy-duty truck repair on the Property, the performance of heavy-duty vehicle inspections remains permissible so long as that legal nonconforming use continues unabandoned and unabated. *See Duffy v. Milder*, 896 A.2d 27, 38 (R.I. 2006) ("It is well settled that a lawful nonconforming use is not discontinued when the title to the property is conveyed to a new party."); *Harmel Corp. v. Members of Zoning Board of Review of Town of Tiverton*, 603 A.2d 303, 306 (R.I. 1992) (stating that "a mere change in ownership does not destroy the pre-existing nonconforming use"); *see also Preston v. Zoning Board of Review of Town of Hopkinton*, 154 A.3d 465, 469 (R.I. 2017); *RICO Corp. v. Town of Exeter*, 787 A.2d 1136, 1145 (R.I. 2001).

**B**

**The Increased Volume of Business**

The Town also contends that the trial justice erred in ruling that the increase in the volume of business on the Property did not constitute an impermissible expansion of the legal nonconforming use. The Town both cites and seeks to distinguish our opinion in *Cohen v. Duncan*, 970 A.2d 550 (R.I. 2009), in support of its argument that "the evidence in this case is that business and patronage have increased at [the Property,] and the increase of business has had a deleterious effect on the neighborhood." (Emphasis omitted.) In our opinion, however, the Town's argument in that regard is unavailing. It should first be noted that this Court in *Cohen*

specifically observed and cited Rhode Island precedent to the following effect: "Our case law has established that a change of use occurs when the proposed use is *substantially different* from the nonconforming use to which the premises were previously put * * *." *Cohen*, 970 A.2d at 565 (emphasis added) (internal quotation marks omitted); *see Harmel Corp.*, 603 A.2d at 305; *Jones*, 521 A.2d at 545; *see also Bauer v. Waste Management of Connecticut, Inc.*, 662 A.2d 1179, 1189 (Conn. 1995).

As is so often the case, an adverb is of great significance. In this instance, the adverb "substantially" in the just-quoted sentence from the *Cohen* opinion is a critically important qualifier. In that vein, it should be emphasized that the trial justice in the case before us, after considering the testimony of the several witnesses and the evidentiary exhibits in the record, supportably found that, while there had been to some degree an adverse effect on the neighborhood due to the success of defendants' business, that effect could be mitigated as a result of the restrictions ordered by the trial justice. *See Town of West Greenwich*, 786 A.2d at 360.

The record in this case reflects that, apart from some relatively minor increase in the volume of business and associated activities, the manner in which defendants have used the Property has remained substantially unchanged since the time when their predecessor-in-title operated his business on the Property; the types of business activity being conducted on the Property have not changed. *See Cohen*, 970 A.2d at

- 8 -

565; *Harmel Corp.*, 603 A.2d at 305; *Jones*, 521 A.2d at 545; *see generally* 4 E.H. Ziegler, Jr. et al., *Rathkopf's The Law of Zoning and Planning* § 73:15 (June 2022 Update) ("An increase in volume or intensification of use has been held permissible so long as the basic character of the use is unchanged and substantially the same facilities are used.").

At the same time, it should not be forgotten that this Court has historically been less than sanguine about nonconforming uses in general. *See, e.g.*, *Duffy*, 896 A.2d at 37 ("[W]e have subscribed to the view that a lawful nonconforming use is a thorn in the side of proper zoning and should not be perpetuated any longer than necessary.") (internal quotation marks omitted); *RICO Corp.*, 787 A.2d at 1144-45 (stating that the law "generally views nonconforming uses as detrimental to a zoning scheme, and the overriding public policy of zoning * * * is aimed at their reasonable restriction") (internal quotation marks omitted).

It should be recognized that the trial justice was by no means insensitive to the effect on the neighborhood of the increase in business and activity on the Property; and she saw to it that meaningful remedial measures were undertaken. In that regard, we deem it important to quote the following portion of the trial justice's rescript decision:

> "[T]he Court is not blind to the fact that these changes—this increase in business and activity—has had a negative impact on the neighborhood and on those abutting the Property; the use has increased enough to become a

disturbance to those in using their property. This Court recognizes that Defendants need to take steps to minimize the impact their use of the Property has on their neighbors. Given the negative effect on the neighborhood, this Court will order reasonable restrictions on the use of the Property so that the use is fair to the neighbors but also does not negatively impact Defendants' ability to run their business."

Accordingly, keeping in mind the applicable standard of review, it is our opinion that the trial justice was neither "clearly wrong" nor has she "overlooked or misconceived material evidence" in determining that there had been no impermissible expansion of the legal nonconforming use in violation of the Town's Zoning Ordinance. *Town of West Greenwich*, 786 A.2d at 360.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Town of Coventry v. Forsons Realty LLC et al. |
| **Case Number** | No. 2020-64-Appeal.<br>(KC 16-1023) |
| **Date Opinion Filed** | June 23, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Susan E. McGuirl |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>David D'Agostino, Esq. |
| | For Defendants:<br><br>Patrick J. McBurney, Esq. |